UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

H&H ENVIRONMENTAL SYSTEMS, INC.,

                        Plaintiff,                  Docket No.: __ CV __ (__) (__)

          - against -                     **NOTICE OF REMOVAL**

EVANSTON INSURANCE COMPANY and
TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA,

                        Defendants.

       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Travelers Property Casualty Company of America ("Travelers"), with the consent of Defendant Evanston Insurance Company ("Evanston"), hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Western District of New York from the Supreme Court of the State of New York, Monroe County, where the action is now pending under Index No. E2018000766, and states:

       1.      On or about February 8, 2018, Plaintiff H&H Environmental Systems, Inc. ("Plaintiff") commenced this action in the Supreme Court of the State of New York, Monroe County by filing a Summons and Complaint (the "Complaint"), and the action is now pending in that court.

       2.      On March 26, 2018, the Complaint was served upon the New York State Department of State.

       3.      This action is a civil action to recover for, among other relief, alleged property damages under respective insurance policies issued to Plaintiff by Travelers and Evanston, and the

United States District Court for the Western District of New York has jurisdiction by reason of the parties' diversity of citizenship.

4.     Plaintiff is now, and at the time the action was commenced, a citizen of the State of New York.  Plaintiff is a corporation organized, formed and incorporated under the laws of New York with its principal place of business located at 385 Adirondack Street, Rochester, New York 14606.

5.     Defendant Travelers is now, and at the time the action was commenced, a citizen of the State of Connecticut.  Travelers is a corporation organized, formed and incorporated under the laws of Connecticut with its principal place of business located at One Tower Square, Hartford, Connecticut 06183.

6.     Defendant Evanston is now, and at the time the action was commenced, a citizen of the State of Illinois.  Evanston is a corporation organized, formed and incorporated under the laws of Illinois with its principal place of business located at Ten Parkway North, Deerfield, Illinois 60015.

7.     The amount in controversy in this action exceeds $75,000 exclusive of interest and costs.

8.     No change of citizenship of the parties has occurred since the commencement of the action.

9.     Accordingly, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

10.    A copy of all process, pleadings and orders served upon Travelers is attached hereto as Exhibit "A" and filed with this notice.

11.     A Declaration on behalf of Evanston consenting to removal is attached hereto as Exhibit "B".

12.     This Notice of Removal is being filed within thirty (30) days after receipt by Travelers of the initial pleading setting forth the claim for relief upon which the action is based and is timely pursuant to 28 U.S.C. § 1446(b).

13.     Promptly after the filing of this Notice of Removal, Travelers will give written notice thereof to all counsel of record and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, Monroe County, thereby effecting removal of the Action pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, since all of the prerequisites for diversity jurisdiction are present, Travelers respectfully requests that this action proceed in the United States District Court for the Western District of New York as an action properly removed to it.

Dated: New York, New York
         April 24, 2018

                              LAZARE POTTER GIACOVAS & MOYLE LLP

                              By:_____s/yale glazer_____
                                      Stephen M. Lazare
                                      Yale Glazer
                              Attorneys for Defendant Travelers Property Casualty
                              Company of America
                              875 Third Avenue, 28th Floor
                              New York, New York 10022
                              Telephone: (212) 758-9300
                              Fax: (212) 888-0919
                              Email: yglazer@lpgmlaw.com
                                          slazare@lpgmlaw.com

# EXHIBIT "A"

NEW YORK STATE
DEPARTMENT *of*
FINANCIAL SERVICES

| | |
|---|---|
| Andrew M. Cuomo<br>Governor | Maria T. Vullo<br>Superintendent |

STATE OF NEW YORK

Supreme Court, County of MONROE

E-2018-766

H&H ENVIRONMENTAL SYSTEMS, INC.                                    Plaintiff(s)

against

Defendant(s)

Travelers Property Casualty Company of America

RE :Travelers Property Casualty Company of America formerly known as Travelers Indemnity Company of Illinois

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Complaint in the above entitled action on March 26, 2018 at Albany, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

    HANCOCK ESTABROOK, LLP
    100 MADISON ST.
    SUITE 1500
    SYRACUSE, New York 13202

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

    Corporation Service Company
    Travelers Property Casualty Company of America
    80 State Street
    Albany, New York 12207-2543

*Jacqueline Catalfamo*

**Jacqueline Catalfamo**
**Special Deputy Superintendent**

Dated Albany, New York, April 04, 2018
597604

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF MONROE**
— — — — — — — — — — — — — — — — — — — — — — — —x
H&H Environmental Systems, Inc.

                         Plaintiff/Petitioner,

      -against-

Evanston Insurance Company, Travelers Property and
Casualty Company of America

                        Defendant/Respondent.
— — — — — — — — — — — — — — — — — — — — — — — —x

Index No. _E-2018-766_

## NOTICE OF COMMENCEMENT OF ACTION SUBJECT
## TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically
filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR
§ 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as
required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court
and for the electronic service of those documents, court documents, and court notices upon
counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be
filed with the County Clerk and the court and served on other parties simply, conveniently, and
quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the
NYSCEF Website, which can be done at any time of the day or night on any day of the week. The
documents are served automatically on all consenting e-filers as soon as the document is
uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor
does it charge any fees to print any filed documents. Normal filing fees must be paid, but this
can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this
notice must either: 1) immediately record his or her representation within the e-filed matter on
the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action
is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith
that they lack the computer hardware and/or scanner and/or internet connection or that they
lack (along with all employees subject to their direction) the operational knowledge to comply
with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from
efiling. They can serve and file documents in paper form and must be served with
documents in paper form.** However, an unrepresented litigant may participate in efiling.

                                              EFM-1

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 02/08/2018

_Alan J Pierce_
Signature

ALAN J. PIERCE
Name

HANCOCK ESTABROOK, LLP
Firm Name

100 Madison St., Suite 1500
Address

Syracuse, NY 13203
City, State, and Zip

315-565-4500
Phone

apierce@hancocklaw.com
E-Mail

To:   Evanston Ins. Co.
      Travelers Property and Cas. Co. of America

9/3/15

Index #                          Page 2 of 2                          EFM-1

FILED: MONROE COUNTY CLERK 02/08/2018 03:54 PM
NYSCEF DOC. NO. 1

INDEX NO. E2018000766
RECEIVED NYSCEF: 02/08/2018

STATE OF NEW YORK
SUPREME COURT          COUNTY OF MONROE

H&H ENVIRONMENTAL SYSTEMS, INC.,

                                        Plaintiff,

vs.

EVANSTON INSURANCE COMPANY and
TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA,

                                        Defendants.

**SUMMONS**

Index No.:

**TO THE ABOVE NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a

copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of

Appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this

Summons, exclusive of the day of service (or within 30 days after the service is complete if this

Summons is not personally delivered to you within the State of New York); and in case of your

failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the Complaint.

Plaintiff designates Monroe County as the place of trial.  Venue is based on the residence

of Plaintiff under CPLR 503.

**DATED:**  February 8, 2018

**HANCOCK ESTABROOK, LLP**

By:  _Alan J. Pierce_

     Alan J. Pierce, Esq.

     100 Madison St., Suite 1500
     Syracuse, New York 13202
     Tel: (315) 565-4500

     *Attorneys for Plaintiff*

{H3248109.1}

FILED: MONROE COUNTY CLERK 02/08/2018 03:54 PM

NYSCEF DOC. NO. 1

INDEX NO. E2018000766

RECEIVED NYSCEF: 02/08/2018

**_Plaintiff's Address:_**

H&H Environmental Systems, Inc.
385 Adirondack St.,
Rochester, NY 14606

**_Defendants' Addresses:_**

Evanston Insurance Company
Ten Parkway
North Deerfield, IL 60015

Travelers Property Casualty Company of America
One Tower Square
Hartford, CT 06183

{H3248109.1}

FILED: MONROE COUNTY CLERK 02/08/2018 03:54 PM

INDEX NO. E2018000766

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 02/08/2018

STATE OF NEW YORK
SUPREME COURT        COUNTY OF MONROE

| | |
|---|---|
| H&H ENVIRONMENTAL SYSTEMS, INC., | **COMPLAINT** |
| Plaintiff, | |
| vs. | Index No.: |
| EVANSTON INSURANCE COMPANY and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | |
| Defendants. | |

Plaintiff H&H Environmental Systems, Inc., ("Plaintiff"), by and through its attorneys, Hancock Estabrook, LLP, as and for its Complaint against the Defendants herein, respectfully alleges as follows:

1.     Plaintiff H&H Environmental Systems, Inc., ("Plaintiff") is a New York corporation with a principal place of business located at 385 Adirondack St., Rochester, NY 14606 ("the Premises").

2.     Upon information and belief, Defendant Evanston Insurance Company ("Evanston") is an Illinois corporation, with its principal place of business located at Ten Parkway North Deerfield, Illinois 60015 and is licensed to conduct business in the State of New York.

3.     Upon information and belief, Defendant Travelers Property Casualty Company of America ("Travelers") is a Connecticut corporation, with its principal place of business located at One Tower Square, Hartford, Connecticut 06183 and is licensed to conduct business in the State of New York.

{H3247539.1}

FILED: MONROE COUNTY CLERK 02/08/2018 03:54 PM

NYSCEF DOC. NO. 1

INDEX NO. E2018000766

RECEIVED NYSCEF: 02/08/2018

## FACTUAL BACKGROUND

4.      At all times relevant hereto, at the Premises Plaintiff provides precision repair, maintenance and calibration of environmental chambers, as well as rental sales and service, with a comprehensive lineup of technical support services for several types of Environmental Simulation Equipment, temperature, humidity, altitude, shock, HALT/HASS and walk-in chambers, to ensure its our customer's environmental test chambers perform with the highest degree of accuracy and reliability, including but not limited to supporting the following industries: aerospace, HVAC, military, packaging, cryogenics, consumer goods, semiconductors, robotics, medical devices.

5.      To provide these services to its customers, Plaintiff owned and operated precision equipment at the Premises.

6.      Evanston insured Plaintiff under a Commercial Property Coverage Policy, No. 2AAI07115-0, with a policy period of June 1, 2016 through June 1, 2017, insuring Plaintiff against risk of, among other things, loss of business income and extra expense, subject to certain conditions and exclusions in the Policy.

7.      Travelers insured Plaintiff under a Commercial Inland Marine Insurance Policy, No. QT-660-3H046740-TIL-16, with a policy period of June 1, 2016 through June 1, 2017 insuring Plaintiff against risk of, among other things, damage to or loss of various equipment and rental costs, subject to certain conditions and exclusions in the Policy.

8.      On or about March 8-15, 2017 Plaintiff suffered a direct physical loss of or damage to covered property not excluded under either the Evanston Policy or the Travelers Policy ("the Losses") that damaged numerous items of Plaintiff's precision equipment.

{H3247539.1}

2

FILED: MONROE COUNTY CLERK 02/08/2018 03:54 PM

NYSCEF DOC. NO. 1

INDEX NO. E2018000766

RECEIVED NYSCEF: 02/08/2018

9.      Plaintiff promptly notified Evanston of its Loss and submitted a claim under the

Evanston Policy for loss of business income and other benefits due to it under the Evanston

Policy (the "Evanston Claim"), including submitting a timely Sworn Statement in Proof of Loss

for $658,432.82 as soon as reasonably possible after accurately determining the amount of the

Loss.

10.      Plaintiff promptly notified Travelers of its Loss and submitted a claim under the

Travelers Policy for loss of covered equipment and other benefits due to it under the Travelers

Policy (the "Travelers Claim"), including submitting a timely Sworn Statement in Proof of Loss

for $947,420.01 as soon as reasonably possible after accurately determining the amount of the

Loss.

11.      Plaintiff has cooperated with Evanston's investigation of the Evanston Claim,

including provided Evanston with thousands of pages of documents and authorization for

additional documents requested by Evanston.

12.      Plaintiff has agreed repeatedly to submit to an Examination Under Oath ("EUO")

as requested by Evanston but to date Evanston has failed and refused to conduct the EUO

delaying the payment of Plaintiff's Evanston Claim.

13.      Evanston has failed and refused to provide a coverage determination or to accept

or disclaim Plaintiff's Claim under the Evanston Policy.

14.      Plaintiff has cooperated with Travelers' investigation of the Travelers Claim,

including provided Evanston with documents requested by Travelers and allowing two

inspections of the damaged equipment by Travelers representatives and a third-party hired by

Travelers.

FILED: MONROE COUNTY CLERK 02/08/2018 03:54 PM

NYSCEF DOC. NO. 1                                                    INDEX NO. E2018000766

RECEIVED NYSCEF: 02/08/2018

15.     Travelers has failed and refused to provide a coverage determination or to accept or disclaim Plaintiff's Claim under the Travelers Policy.

16.     All premiums due and owing in connection with the Evanston and Travelers Policies have been paid.

17.     All applicable conditions of the Evanston and Travelers Policies have been complied with, including notice and cooperation.

18.     Defendant has refused in bad faith to pay amounts that it knows to be owing under the Policies for no legitimate reason, and for the improper purpose of depriving Plaintiff of the coverage for which it paid.

19.     Defendants' refusal to make a coverage determination and pay Plaintiff's Claims is untimely, improper, unjustified, and constitutes bad faith.

20.     Upon information and belief, Defendants have improperly refused to pay Plaintiff's Claims for the purposes of placing their own pecuniary interests ahead of those of Plaintiff and to withhold from Plaintiff the rights and benefits to which it is entitled under the Policies.

21.     Due to Defendants' wrongful refusal to make a coverage determination and pay Plaintiff's Claims Plaintiff's damages have increased.

22.     Plaintiff has incurred and continues to incur substantial loss of business income, debt, and additional expenses as a result of the Loss and Defendants' improper refusal to pay the amounts due under the Policies.

23.     Plaintiffs have and continue to incur additional expenses, including but not limited to attorneys' fees and expenses in commencing and prosecuting this action, as a result of Defendants' breach of contract.

{H3247539.1}                              4

FILED: MONROE COUNTY CLERK 02/08/2018 03:54 PM
NYSCEF DOC. NO. 1

INDEX NO. E2018000766
RECEIVED NYSCEF: 02/08/2018

24.     Under established New York law reasonably foreseeable consequential damages are recoverable for an insurer's breach of the duty to provide coverage to its insured even if such damages exceed the policy limits or are not covered by Defendants' Policies.

25.     Under established New York law an insured's additional expenses, including but not limited to additional loss of business income, extra expenses, debt, equipment expenses, and attorneys' fees incurred in pursuing coverage, may constitute such consequential damages and be recoverable.

26.     Plaintiff and Evanston knew or reasonably foresaw when the Evanston Policy was issued that if Evanston disclaimed or failed to provide coverage for a covered loss Plaintiff would incur substantial additional expenses, including but not limited to additional loss of business income, extra expenses, debt, and attorneys' fees in suing to obtain coverage.

27.     Plaintiff and Travelers knew or reasonably foresaw when the Travelers Policy was issued that if Travelers disclaimed or failed to timely provide coverage for a covered loss Plaintiff would incur substantial additional expenses, including but not limited to additional loss of business income, extra expenses, debt, and attorneys' fees in suing to obtain coverage.

28.     Accordingly, Plaintiff is entitled to recover his additional expenses and consequential damages incurred as a result of Defendants' failure to timely pay Plaintiff's Claims.

### FIRST CAUSE OF ACTION
### (Declaratory Judgment)

29.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 28 as if fully set forth here.

30.     Defendants have failed and refused to provide coverage to Plaintiff for its Losses, which are covered under the Policies.

{H3247539.1}                                      5

FILED: MONROE COUNTY CLERK 02/08/2018 03:54 PM
NYSCEF DOC. NO. 1

INDEX NO. E2018000766
RECEIVED NYSCEF: 02/08/2018

31.     By reason of the foregoing, an actual and justiciable controversy exists between Plaintiff and Defendants regarding Defendants' obligations to provide coverage to Plaintiff for its Losses.

32.     Plaintiff is entitled to a judicial declaration from this Court that: (a) Defendants are obligated to perform their contractual obligations under the Policies, and (b) Plaintiff is entitled to coverage for the full amount of its Losses.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

33.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 32 as if fully set forth here.

34.     Defendants have breached their obligations under the Policies by failing and refusing to pay the full amount of Plaintiff's covered Losses.

35.     By reason of Defendants' breach of contract, Plaintiff has been deprived of the benefits due and owing under the Policy.

36.     Plaintiff is entitled to an award of compensatory damages, consequential damages, pre- and post-judgment interest, attorneys' fees and costs in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (Violation of the Duty of Good Faith and Fair Dealing)

37.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 36 as if fully set forth herein.

38.     Defendants are required to act in good faith, abstain from deception, and practice honesty and equity in all dealings with their policyholders, including Plaintiff, under the insurance policies they sell.

{H3247539.1}

6

FILED: MONROE COUNTY CLERK 02/08/2018 03:54 PM

NYSCEF DOC. NO. 1

INDEX NO. E2018000766

RECEIVED NYSCEF: 02/08/2018

39.     The business of insurance always affects the public interest.

40.     Defendants owe a covenant of good faith and fair dealing to Plaintiff in light of the insurance relationship created by the Policies.

41.     The covenant of good faith and fair dealing obligates each party to the contract to refrain from taking any action that would deprive the other of the benefits of the contract, or to cause undue hardship or harm to the other party.

42.     Defendants' conduct constitutes bad faith.

43.     Specifically, Defendants acted in bad faith with respect to Plaintiff by and through their unreasonable, malicious, reckless, coordinated, and/or intentional failure and refusal to pay Plaintiff the benefits to which it is entitled under the Policies.

44.     In violation of their duties to Plaintiff, Defendants acted in bad faith by: (a) unreasonably, maliciously, recklessly, or intentionally denying its obligations to pay benefits to Plaintiff when they knew or should have known they had an obligation to provide insurance coverage; (b) failing and refusing to pay Plaintiff's Losses without a reasonable basis and with the knowledge or reckless disregard of their lack of reasonable basis; (c) unreasonably, maliciously, recklessly, or intentionally delaying payment of the insurance proceeds due and owed Plaintiff under the Policies; (d) failing to conduct a timely, fair, complete and proper investigation of Plaintiff's Claims and to make a timely determination of said Claims; (e) breaching their promise of security to Plaintiff by unreasonably and without justification reneging on the insurance benefits they promised to provide Plaintiff, leaving Plaintiff without sufficient resources to maintain its business; and (f) otherwise acting intentionally, maliciously, unreasonably, or recklessly in denying Plaintiff the benefits owed under the Policies.

{H3247539.1}

7

FILED: MONROE COUNTY CLERK 02/08/2018 03:54 PM

NYSCEF DOC. NO. 1

INDEX NO. E2018000766

RECEIVED NYSCEF: 02/08/2018

45.     Upon information and belief, Defendants' bad faith conduct described above was engaged in for the purposes of placing their own pecuniary interests ahead of those of Plaintiff, their policyholder, and for withholding from Plaintiff the rights and benefits to which it is entitled under the Policies.

46.     As a result of Defendants' bad faith breach of their obligations under the Policies Plaintiff has suffered, and will continue to suffer, substantial damages in an amount to proven at trial.

47.     As a result, Plaintiff is entitled to an award of compensatory damages, consequential damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
#### (General Business Law § 349)

48.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 47 as if fully set forth herein.

49.     Defendants and their agents, servants, and employees are governed by regulations promulgated by the Superintendent of the New York State Financial Services Department as set forth in 11 N.Y.C.R.R. § 216, et seq., and under provisions of New York Insurance Law § 2601, prohibiting unfair claim settlement practices.

50.     In addition, Defendants and their agents, servants and employees are prohibited from engaging in deceptive acts and practices pursuant to New York General Business Law § 349.

51.     The New York Insurance Law prohibits and/or requires certain action by insurance companies, their agents and representatives and conduct by insurance companies, their

{H3247539.1}

8

FILED: MONROE COUNTY CLERK 02/08/2018 03:54 PM      INDEX NO. E2018000766

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/08/2018

agents and representatives who by deviating from the following rules of play are deemed to have

engaged in unfair claim settlement practices enumerated under New York Insurance Law § 2601:

(1) knowingly misrepresenting to claimants pertinent facts or policy provisions relating to

coverages at issue; (2) failing to acknowledge with reasonable promptness pertinent

communications as to claims arising under its policies; (3) failing to adopt and implement

reasonable standards for the prompt investigation of claims arising under its policies; (4) not

attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted

in which liability has become reasonably clear, except where there is a reasonable basis

supported by specific information available for review by the department that the claimant has

caused the loss to occur by arson. After receiving a properly executed proof of loss, the

[insurance company] shall advise the claimant of acceptance or denial of the claim within thirty

working days; and (5) compelling policyholders to institute suits to recover amounts due under

its policies by offering substantially less than the amounts ultimately recovered in suits brought

by them.

52.     New York General Business Law § 349 prohibits deceptive acts or practices in

the conduct of any business, trade, or commerce in the furnishing of any service in the State of

New York and makes such acts and practices unlawful.

53.     Defendants, through their agents, servants, and employees engaged in deceptive

acts and practices in violation of New York General Business Law § 349 by engaging in the

activities described above.

54.     Plaintiff is a consumer.

55.     The Policies at issue here are consumer-oriented products that are designed and

intended by Defendants to be purchased by the public at large in the State of New York.

{H3247539.1}                          9

FILED: MONROE COUNTY CLERK 02/08/2018 03:54 PM INDEX NO. E2018000766

NYSCEF DOC. NO. 1                                                     RECEIVED NYSCEF: 02/08/2018

56.   The forms making up the Policy are consumer-oriented in that they are offered and are available to consumers at large, and are regularly used by Defendant in the inducement of individual consumers in the market for insurance coverage.

57.   Plaintiff and Defendants occupy disparate bargaining positions.

58.   Upon information and belief, Defendants engaged in a recurring pattern of selling insurance policies without warning said consumers that Defendants regularly and routinely fail to live up to the promises to provide insurance coverage as set forth in such policies and fail to observe fair and reasonable claim adjustment practices and procedures, engaging in the above described bad faith and unfair claims settlement practices.

59.   Upon information and belief, when confronted with a policyholder's significant loss claim, Defendants regularly and routinely engage in the practice of avoiding or inordinately delaying the settlement of the claim in violation of New York Insurance Law § 2601 and the regulatory support scheme for this law.

60.   Defendants' practices, as described, harm the public at large in a material way by misleading the public at large to rely upon advertisements, promotions, and products sold by Defendants when purchasing insurance coverage and by thwarting and frustrating the claims adjustment process with the intent and purpose of discouraging consumers of Defendants' insurance products from pursuing legitimate claims under policies sold by Defendants.

61.   Defendants' actions not only have caused injury to Plaintiff, but, upon information and belief, have caused injury to numerous other similarly situated consumers and policyholders.

{H3247539.1}                                      10

FILED: MONROE COUNTY CLERK 02/08/2018 03:54 PM
NYSCEF DOC. NO. 1

INDEX NO. E2018000766
RECEIVED NYSCEF: 02/08/2018

62.     Plaintiff has been injured and damaged as a direct and proximate result of Defendants' deceptive and misleading acts and unfair claim settlement practices prohibited under New York law.

63.     Plaintiff acted and relied in a reasonable manner upon Defendants' practices of advertising, promoting and selling insurance coverage when they purchased the Policy.

64.     By reason of the foregoing, Plaintiff is entitled to recover all of its damages from Defendants, including actual damages, consequential damages, treble damages, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### (Fraud)

65.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 64 as if fully set forth herein.

66.     Defendants' breach of contract involves a fraud evincing a high degree of moral turpitude and demonstrating such wanton dishonesty as to imply a criminal indifference to their civil obligations.

67.     Defendants' fraudulent conduct was part of a pattern of similar conduct directed at the public generally.

68.     Plaintiff was aggrieved by Defendants' fraudulent conduct constituting, accompanying, or associated with their breach of contract.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.      Declaratory judgment favor of Plaintiff and against Defendants, including a declaration that Plaintiff is entitled to coverage for the full amount of its Losses;

{H3247539.1}

11

FILED: MONROE COUNTY CLERK 02/08/2018 03:54 PM

NYSCEF DOC. NO. 1

INDEX NO. E2018000766

RECEIVED NYSCEF: 02/08/2018

B.  An award of damages in favor of Plaintiff and against Defendants in an amount to be determined in this action, including compensatory damages, consequential damages, pre- and post-judgment interest, attorneys' fees, treble damages, and punitive damages;

C.  The costs and disbursements of this action; and

D.  Such other and further relief as the Court may deem just and proper under all the circumstances, including, but not limited to, Plaintiffs' costs and disbursements in this action.

Dated:  February 8, 2018

*Attorneys for Plaintiff*
HANCOCK ESTABROOK, LLP

Alan J. Pierce, Esq.
100 Madison St., Suite 1500
Syracuse, New York 13203
Tel: (315) 565-4500

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

H&H ENVIRONMENTAL SYSTEMS, INC.,

|  |  |
|---|---|
| Plaintiff, | Docket No.: __ CV __ (__) (__) |
| - against - | **DECLARATION OF**<br>**FREDRIC RAEDER** |
| EVANSTON INSURANCE COMPANY and<br>TRAVELERS PROPERTY CASUALTY COMPANY<br>OF AMERICA, | |
| Defendants. | |

Fredric Raeder, pursuant to 28 U.S.C. 1746, declares as follows:

1.       I am a Director, Claims of Markel Service, Incorporated ("MSI"). MSI is the claims service manager for Evanston Insurance Company ("Evanston"). I have authority to provide the information set forth herein on behalf of Evanston.

2.       Evanston is now, and at the time the action was commenced, a citizen of the State of Illinois. Evanston is a corporation organized, formed and incorporated under the laws of Illinois with its principal place of business located at Ten Parkway North, Deerfield, Illinois 60015.

3.       Evanston hereby consents to removal of this action from the Supreme Court of the State of New York, Monroe County, to the United States District Court, Western District of New York.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on April 20, 2018 in Glen Allen, VA.

Fredric Raeder

8800279.1