UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK


UNITED STATES DISTRICT COURT
FILED
MAR 1 2 2019
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

_____

H&H ENVIRONMENTAL SYSTEMS, INC.,

     Plaintiff,       **DECISION AND ORDER**

   v.           6:18-CV-06315 EAW

EVANSTON INSURANCE COMPANY and
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

     Defendants.

_____

## INTRODUCTION

Plaintiff H&H Environmental Systems, Inc. ("Plaintiff") brings this action against defendants Evanston Insurance Company ("Evanston") and Travelers Property Casualty Company of America ("Travelers") (collectively, "Defendants"), alleging that Defendants' handling of Plaintiff's insurance claims violated numerous provisions of New York state law. Specifically, Plaintiff asserts claims for: (1) declaratory judgment; (2) breach of contract; (3) violation of the duty of good faith and fair dealing; (4) violation of New York General Business Law ("GBL") § 349; and (5) fraud. (Dkt. 1). Presently before the Court is Travelers' motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 4), and Evanston's motion for judgment on the pleadings pursuant to Rule 12(c) (Dkt. 27). For the following reasons, Defendants' motions are granted in part and denied in part.

- 1 -

## BACKGROUND

The following facts are taken from Plaintiff's Complaint. (Dkt. 1). As is required at this stage of the proceedings, the Court has treated Plaintiff's allegations as true.

Plaintiff is a corporation that provides precision repair, maintenance, and calibration of environmental chambers, as well as rental sales and service. (*Id.* at 11, ¶ 4). To provide these services, Plaintiff owns and operates equipment at 385 Adirondack Street in Rochester, New York 14606 (the "Premises"). (*Id.* at 10-11, ¶¶ 1, 5).

Evanston insured Plaintiff from June 1, 2016, through June 1, 2017, against the risk of loss of business income and extra expense pursuant to Commercial Property Coverage Policy, No. 2AAI07115-0 ("Evanston Policy"). (*Id.* at 11, ¶ 6). Additionally, Travelers insured Plaintiff during the same time period against the risk of damage to or loss of various equipment and rental costs pursuant to Commercial Inland Marine Insurance Policy, No. QT-660-3H046740-TIL-16 ("Travelers Policy"). (*Id.*, ¶ 7).

During the coverage period—on or about March 8 to 15, 2017—a number of Plaintiff's precision equipment items were damaged. (*Id.*, ¶ 8). Plaintiff promptly notified Defendants of the losses it sustained, submitting a claim to Evanston in the amount of $648,432.82, and a claim to Travelers in the amount of $947,420.01. (*Id.* at 12, ¶¶ 9-10).

At Evanston's request, Plaintiff provided Evanston with thousands of pages of documents and repeatedly agreed to submit to an Examination Under Oath ("EUO"). (*Id.*, ¶ 12). To date, Evanston has not conducted an EUO, provided a coverage determination, or rendered a decision about Plaintiff's claim under the Evanston Policy. (*Id.*, ¶ 13).

Plaintiff has also cooperated with Travelers' investigation of the Travelers Claim, allowing two inspections of the damaged equipment, one by a Travelers representative and one by a third-party hired by Travelers. (*Id.*, ¶ 14). According to the Complaint,[1] Travelers has not yet provided a coverage determination or made a decision about Plaintiff's claim under the Travelers Policy. (*Id.* at 13, ¶ 15).

Plaintiff commenced this action in New York State Supreme Court, Monroe County, by filing a Summons and Complaint, both dated February 8, 2018. (Dkt. 1). On April 24, 2018, Travelers with the consent of Evanston removed the action to federal court based upon diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446. (*Id.*).

Travelers filed a motion to dismiss pursuant to Rule 12(b)(6) on May 1, 2018. (Dkt. 4). On May 22, 2018, Plaintiff filed its opposition to Travelers' motion (Dkt. 15), and on May 29, 2018, Travelers filed a reply (Dkt. 18). Evanston filed its Answer to the Complaint on May 4, 2018 (Dkt. 11), and then on July 18, 2018, filed a motion for judgment on the pleadings (Dkt. 27). Plaintiff filed its opposition to Evanston's motion on August 29, 2018 (Dkt. 32), and on September 5, 2018, Evanston filed its reply (Dkt. 33). Oral argument on both motions was held before the undersigned on February 22, 2019, at which time the Court reserved decision. (Dkt. 51).

---

[1]     Plaintiff's counsel indicated at oral argument that Travelers has now made a coverage determination, but the delay in making the determination and the coverage determination itself both breach the Travelers Policy.

## DISCUSSION

## I.   Legal Standard

### A.   Motion to Dismiss

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). To withstand dismissal, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

**B.  Motion for Judgment on the Pleadings**

"Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings." *McAuliffe v. Barnhart*, 571 F. Supp. 2d 400, 402 (W.D.N.Y. 2008).  "In deciding a Rule 12(c) motion for judgment on the pleadings, the court should 'apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'"  *Aboushama v. EMF Corp.*, 214 F. Supp. 3d 202, 205 (W.D.N.Y. 2016) (quoting *Mantena v. Johnson*, 809 F.3d 721, 727-28 (2d Cir. 2015)).

**II.  Breach of the Policy—Evanston**

Evanston argues that because it has not yet issued a determination on Plaintiff's claim, Plaintiff's breach of contract claim is premature.  (Dkt. 27-23 at 19-21).  Additionally, Evanston contends that Plaintiff has not adequately pled a breach of contract claim because the Complaint does not set forth the particular contractual provisions that Evanston allegedly breached.  The Court finds Evanston's arguments unpersuasive.

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).  "To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."  *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996).  "In order to adequately allege the existence of an agreement, a plaintiff must plead the provisions of the contract upon which the claim is

- 5 -

based." *James v. Countrywide Financial Corp.*, 849 F. Supp. 2d 296, 322 (E.D.N.Y. 2012); *see Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 181-82 (2011) ("Generally, a party alleging a breach of contract must demonstrate the existence of a contract reflecting the terms and conditions of their purported agreement." (quotation and alteration omitted)). "The contract itself need not be attached to the complaint, but the pleading must at least set forth the terms by express reference to satisfy this requirement." *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 533 (E.D.N.Y. 2015).

Plaintiff alleges that Evanston insured it under the Evanston Policy from June 1, 2016, to June 1, 2017, for loss of business income and extra expense, and that Plaintiff suffered loss or damage to property covered by the Evanston Policy. (Dkt. 1 at 11, ¶¶ 6, 8). The Complaint states that "Plaintiff promptly notified Evanston of its Loss and submitted a claim under the Evanston Policy for loss of business income." (*Id.* at 12, ¶ 9). It goes on to state that "Evanston has failed and refused to provide a coverage determination or to accept or disclaim Plaintiff's Claim under the Evanston Policy." (*Id.*, ¶ 13). The Complaint accordingly references the terms that Evanston allegedly breached: the Evanston Policy is an insurance policy for loss of business income, and if Plaintiff suffers such a loss, it is to submit a claim to Evanston, at which time Evanston must accept or disclaim Plaintiff's claim. Especially because the terms at issue here are the essence of what constitutes an insurance policy, the Court finds it can "draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Additionally, the Complaint adequately alleges a breach of the contract that is not premature. "An insurance carrier has a duty to 'investigate in good faith and pay covered

claims.'" *Gutierrez v. Gov't Emps. Ins. Co.*, 136 A.D.3d 975, 976 (2d Dep't 2016) (quoting *Bi-Economy Market, Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187, 195 (2008)). New York courts allow breach of contract claims to go forward when an insurer's investigation is still pending. *See Eccobay Sportwear, Inc. v. Providence Washington Ins. Co.*, 585 F. Supp. 1343, 1344 (S.D.N.Y. 1984) (alleging breach of contract after insurer's investigation of plaintiff's claim had been pending for eighteen months). Additionally, New York law recognizes a claim for breach of contract when an insurer untimely disclaims coverage. *See, e.g., Vecchiarelli v. Cont'l Ins. Co.*, 277 A.D.2d 992, 992 (4th Dep't 2000) (denying summary judgment as to the breach of contract claim because there were issues of fact as to whether the delay in the defendant's coverage decision was excusable); *Kamyr, Inc. v. St. Paul Surplus Lines Ins. Co.*, 152 A.D.2d 62, 67 (3d Dep't 1989) ("[T]he question of whether an insurer's disclaimer was untimely is ordinarily a question of fact[.]").

Plaintiff alleges that it promptly submitted its claim in March 2017, but Evanston still refuses to make a coverage determination even though the Evanston Policy requires Evanston to do so, and that Evanston has accordingly breached the policy. (Dkt. 1 at 12, ¶¶ 9, 11-13). Accordingly, the Court denies Evanston's motion for judgment on the pleadings on this basis.

## III.    Failure to Satisfy Condition Precedent—Evanston

Evanston argues that Plaintiff failed to satisfy a condition precedent in the Evanston Policy, and consequently any case brought by Plaintiff about the policy is subject to dismissal. (Dkt. 27-23 at 15-16). For the reasons that follow, the Court disagrees.

- 7 -

Evanston claims that Plaintiff failed to comply with the EUO conditions in the Evanston Policy. Whether or not Plaintiff complied with the EUO condition is a fact disputed by the parties (*compare* Dkt. 27-23 at 15 ("[T]he insured has failed to comply with Evanston's requests [to submit to an EUO] to date."), *with* Dkt. 32 at 6-7 ("[Plaintiff] has offered to submit its President, Howard Cragg, to an EUO seven (7) times . . . but Evanston never exercised its right to conduct the EUO[.]")), and therefore not appropriate for the Court to address in a decision on a motion for judgment on the pleadings.[2] *See, e.g., Chevron Corp. v. Salazar*, 807 F. Supp. 2d 189, 198 (S.D.N.Y. 2011) (denying the defendant's motion for judgment on the pleadings because the facts in the pleadings were disputed); *Moreno-Cuevas v. Huntington Learning Ctr.*, No. 09-cv-01237, 2010 WL 1292327, at *1 (D. Conn. Mar. 19, 2010) ("A court must not grant a Rule 12(c) motion if there are disputed issues of fact remaining in the case.").

Additionally, Evanston asserted its condition precedent argument as an affirmative defense in its Answer. (Dkt. 11 at ¶¶ 69-70); *see Endovasc, Ltd. v. J.P. Turner & Co., LLC*, 169 F. App'x 655, 657 (2d Cir. 2006) ("[U]nder New York law, the failure of a plaintiff to comply with conditions precedent is an affirmative defense."). "Case law does

---

[2] All the New York cases cited by Evanston in support of its argument are either decisions on motions for summary judgment or decisions where the plaintiff conceded it had not satisfied the condition precedent. *See Allstate Ins. Co. v. Pierre*, 123 A.D.3d 618 (1st Dep't 2014) (summary judgment); *IDS Prop. Cas. Ins. Co. v. Stracar Med. Servs., P.C.*, 116 A.D.3d 1005 (2d Dep't 2014) (summary judgment); *Cross v. State Farm Ins. Co.*, 926 F. Supp. 2d 436 (N.D.N.Y. 2013) (summary judgment); *Sirob Imps., Inc. v. Peerless Ins. Co.*, 958 F. Supp. 2d 384, 389 (E.D.N.Y. 2013) ("It is undisputed that the Plaintiff failed to complete repairs within the required two-year period—a condition precedent in the policy to recovering replacement costs."); *Allstate Ins. Co. v. Longwell*, 735 F. Supp. 1187 (S.D.N.Y. 1990) (summary judgment).

not require that a party opposing a [motion for judgment on the pleadings] deny factual contentions asserted by a defendant seeking to interpose an affirmative defense." *Contrera v. Langer*, 290 F. Supp. 3d 269, 276 (S.D.N.Y. 2018); *see Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81 (2d Cir. 2015) ("A plaintiff is not required to plead the absence of [an affirmative] defense.); *United Res. Recovery Corp. v. Ramko Venture Mgmt., Inc.*, 584 F. Supp. 2d 645, 657 (S.D.N.Y. 2008) ("[The plaintiff] is under no obligation to affirmatively plead compliance with conditions precedent.").[3]

IV.    **Failure to Cooperate—Evanston**

Evanston contends that Plaintiff failed to cooperate with Evanston's claim investigation, and as a result Plaintiff's coverage under the Evanston Policy has been vitiated. Evanston submits numerous documents in support of this argument. However, again, Evanston's argument relies on disputed facts rather than the allegations in the Complaint, and therefore such an argument is inappropriate for a motion for judgment on the pleadings. Also as discussed above, Evanston asserted this claim as an affirmative defense in its Answer (Dkt. 11 at ¶¶ 69-70), and therefore Plaintiff was not required to address the contention in its Complaint. The Court accordingly denies Evanston's motion for judgment on the pleadings on this basis.

---

[3]    Even though not obligated to do so under New York law, Plaintiff alleges its compliance with the condition precedent. The Complaint states Plaintiff "has agreed repeatedly to submit to an [EUO] as requested by Evanston but to date Evanston has failed and refused to conduct the EUO," and that it "has cooperated with Evanston's investigation of the Evanston Claim, including provid[ing] Evanston with thousands of pages of documents and authorization for additional documents requested by Evanston." (Dkt. 1 at 12, ¶¶ 11-12).

## V.    Claim for Declaratory Judgment—Evanston

Evanston argues that if Plaintiff has adequately alleged a breach of contract claim, then Plaintiff's separate claim for a declaratory judgment should also be dismissed as duplicative. (Dkt. 27-3 at 22). The Court grants Evanston's motion as to this claim for the following reasons.

"The Declaratory Judgment Act by its express terms vests a district court with discretion to determine whether it will exert jurisdiction over a proposed declaratory action or not." *Dow Jones & Co., Inc. v. Harrods Ltd.*, 346 F.3d 357, 359 (2003); *see* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added)). "A court must entertain a declaratory judgment action: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Cont'l Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir. 1992). "If either prong is met, the action must be entertained." *Id.* However, if the declaratory judgment "is duplicative of the adjudication of its breach of contract claim, it serves neither of these two objectives" and dismissal is appropriate. *Camofi Master LDC v. College Partnership, Inc.*, 452 F. Supp. 2d 462, 480-81 (S.D.N.Y. 2006); *see, e.g., Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249-50 (S.D.N.Y. 2006) (dismissing the declaratory judgment claim because it "seeks resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action").

Plaintiff asks for declaratory judgment that "Defendants are obligated to perform their contractual obligations under the Policies" and that "Plaintiff is entitled to coverage for the full amount of its Losses." (Dkt. 1 at 15, ¶ 32). In the breach of contract claim, Plaintiff similarly alleges that "Defendants have breached their obligations under the Policies" and requests compensatory and other damages. (*Id.*, ¶¶ 34-36). Plaintiff argues that a declaratory judgment would serve a useful purpose here because Plaintiff would then "not have to wait for trial to know it is covered," leaving only damages issues to be determined at trial. (Dkt. 32 at 13).

However, Plaintiff could obtain the same relief sought by the declaratory judgment action by moving for dispositive relief on liability with respect to the breach of contract claim. In other words, Plaintiff's efforts to distinguish the declaratory judgment claim from the breach of contract claim are unpersuasive. Declaratory judgments are often used for insurance disputes in the tort and indemnity context. *See, e.g., Twin City Fire Ins. Co. v. Innovative Aftermarket Sys., L.P.*, 597 F. Supp. 2d 295, 298 (D. Conn. 2009) (discussing that a declaratory judgment is proper in lawsuits where "a liability insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages the injured person may recover against the insured" (quoting 10B C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2757 at 476 (3d ed. 1998))). In contrast, courts regularly dismiss declaratory judgment claims in first-party insurance actions where a breach of contract is also alleged. *See, e.g., Ainsworth v. Amica Mut. Ins. Co.*, No. 3:16-cv-01139 (MPS), 2018 WL 4425991, at *7 (D. Conn. Sept. 17, 2018) (granting the motion to dismiss the claim for declaratory judgment concerning the coverage of the plaintiffs'

home because the "plaintiffs' declaratory judgment claim does not seek any relief independent from their breach of contract claim"); *Utica Mut. Ins. Co. v. Fireman's Fund Insurance Co.*, 238 F. Supp. 3d 314, 325-26 (N.D.N.Y. 2017) (granting the motion to dismiss the declaratory judgment because the plaintiff's request was duplicative of the breach of contract claim); *Goldmark, Inc. v. Catlin Syndicate Ltd.*, No. 09-CV-3876 (RRM)(RER), 2010 WL 5872337, at *8 (E.D.N.Y. Nov. 22, 2010) (granting the motion to dismiss the declaratory judgment claim because it was "entirely redundant" of the breach of contract claim), *adopted on relevant grounds*, 2011 WL 743568 (E.D.N.Y. Feb. 24, 2011); *see also Hutch Enter., Inc. v. Cincinnati Ins. Co.*, No. 16-CV-01010-WMS-JJM, 2017 WL 3601900, at *1 (W.D.N.Y. June 13, 2017) (denying the defendant's motion for leave to file a counterclaim requesting declaratory judgment because "the coverage issues will necessarily be resolved in determining [the plaintiff]'s claim that [the defendant]'s failure to cover [the plaintiff]'s property damage amounts to a breach of [the] insurance policy"); *Fetch, NYC Inc. v. Allstate Ins. Co.*, No. 13-cv-6578 (KBF), 2014 WL 11369638, at *4 (S.D.N.Y. Aug. 5, 2014) (granting summary judgment as to the plaintiff's declaratory judgment claim because it "simply duplicates plaintiff's breach of contract claim"), *aff'd*, 615 F. App'x 696 (2d Cir. 2015); *Burgeson v. Downing*, No. 3:06CV1663WWEHBF, 2009 WL 185593, at *1 (D. Conn. Jan. 22, 2009) (denying the plaintiff's motion to amend because "[i]f plaintiff were to prevail on his claims for damages, the Court necessarily would have determined that plaintiff's rights were violated. A declaration to that effect adds nothing to the case. Accordingly, all claims for declaratory relief will be denied").

Because the declaratory judgment claim is duplicative of the breach of contract claim, it serves no useful purpose and is dismissed as asserted against Evanston. While Travelers is also named in the declaratory judgment cause of action and would arguably be entitled to the same relief, it has not sought that relief and therefore the declaratory judgment claim remains as asserted against Travelers.

## VI. Claim for Breach of the Covenant of Good Faith and Fair Dealing and Consequential Damages

Defendants assert that Plaintiff's claim for breach of the covenant of good faith and fair dealing must be dismissed because it is duplicative of Plaintiff's breach of contract claim. (Dkt. 4-4 at 9; Dkt. 27-3 at 23-25). Evanston also moves to dismiss the claims for consequential damages. (Dkt. 27-23 at 32). For the reasons that follow, the Court denies Defendants' motions, but clarifies the extent to which Plaintiff may pursue a separate claim for breach of the covenant of good faith and fair dealing, as well as consequential damages.

Generally, "[u]nder New York law, parties to an express contract are bound by an implied duty of good faith . . . breach of that duty is merely a breach of the underlying contract." *Harris v. Provident Life and Accident Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002) (citation omitted); *see, e.g., N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 318 (1995) ("[I]mplicit in every contract is a covenant of good faith and fair dealing, which encompasses any promises that a reasonable promisee would understand to be included. Certainly, a reasonable insured would understand that the insurer promises to investigate in good faith and pay covered claims."). However, if the breach of contract claim and the claim for breach of the covenant of good faith and fair dealing arise from different facts

and allege different damages, then both claims may go forward. *See Bi-Economy*, 10 N.Y.3d at 195-96 (allowing a claim for consequential damages as a result of the breach of the covenant of good faith and fair dealing to proceed along with a breach of contract claim); *see also Friedman v. Maspeth Fed. Loan and Sav. Ass'n*, 30 F. Supp. 3d 183, 195 (E.D.N.Y. July 14, 2014) ("Under New York law, the same facts cannot give rise to both a claim for breach of contract and a claim for breach of implied duty of good faith and fair dealing."); *Amcan Holdings, Inc. v. Canadian Imperial Bank of Commerce*, 70 A.D.3d 423, 426 (1st Dep't 2010) ("The claim that defendants breached the implied covenant of good faith and fair dealing was properly dismissed as duplicative of the breach-of-contract claim, as both claims arise from the same facts and seek the identical damages for each alleged breach."). "[C]onsequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting." *Panasia Estates, Inc. v. Hudson Ins. Co.*, 10 N.Y.3d 200, 203 (2008) (quotation omitted).

Plaintiff argues that its Complaint asserts a claim for consequential damages pursuant to the breach of the covenant of good faith and fair dealing that is not wholly duplicative of its breach of contract claim. (Dkt. 15 at 4-7; Dkt. 32 at 13-16). Plaintiff relies on *D.K. Prop., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 59 Misc.3d 714 (N.Y. Sup. Ct., N.Y. Cty. Apr. 2, 2018), *rev'd*, __ N.Y.S.3d __, 2019 WL 237454 (1st Dep't 2019). In *D.K.*, the plaintiff owned a building allegedly damaged by a nearby construction project, and submitted a claim for coverage to its insurer. *Id.* at 716. The

plaintiff alleged that the insurer breached the insurance contract, and that it handled the claim in bad faith by making unreasonable information and inspection requests that made the claim too expensive for the plaintiff to pursue, and that as a result of the insurer's bad faith, the plaintiff had to incur costs to temporarily fix the building to prevent further damage. *Id.* at 717. The New York trial court allowed the breach of contract claim and claim for breach of the implied covenant of good faith and fair dealing to proceed, but dismissed claims for consequential damages in both causes of action. *Id.* at 719, 722.

On January 17, 2019, after the parties in the instant matter submitted their briefs, the New York Appellate Division issued an order reversing the *D.K.* trial court's decision to the extent the claims for consequential damages were dismissed. *D.K. Prop., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, __ N.Y.S.3d __, 2019 WL 237454 (1st Dep't 2019). The Appellate Division held that both claims could proceed, but it found that the plaintiff's allegations met the pleading requirements with respect to consequential damages, and therefore Plaintiff could pursue consequential damages in *either* the breach of contract claim *or* the claim for breach of the covenant of good faith and fair dealing. *Id.* at *2 ("[T]here is no heightened pleading standard requiring plaintiff to explain or describe how and why the 'specific' categories of consequential damages alleged were reasonable and forseeable at the time of contract.").

The Court finds Plaintiff has sufficiently alleged a claim for breach of the covenant of good faith and fair dealing in addition to a breach of contract claim. Plaintiff alleges that Defendants breached the covenant of good faith and fair dealing by, among other things, "delaying payment of the insurance proceeds due and owed Plaintiff under the

Policies;" "failing to conduct a timely, fair, complete and proper investigation of Plaintiff's Claims and to make a timely determination of said Claims;" and "leaving Plaintiff without sufficient resources to maintain its business[.]" (Dkt. 1 at 16, ¶ 44). Plaintiff alleges consequential damages arose from Defendants' breach of the covenant of good faith and fair dealing—specifically, Plaintiff alleges consequential damages in the form of "additional loss of business income, extra expenses, debt, and attorneys' fees[4] in suing to obtain coverage." (Dkt. 1 at 14, ¶ 25). In other words, Plaintiff claims that Defendants' delay in paying Plaintiff's alleged losses has created additional losses which would not otherwise be remedied by a full payment of Plaintiff's breach of contract claim. *See Bi-Economy*, 10 N.Y.3d at 195 ("[T]he very purpose of business interruption coverage would have made Harleysville aware that if it breached its obligations under the contract to investigate in good faith and pay covered claims it would have to respond in damages to [the plaintiff] for the loss of its business as a result of the breach.").

In contrast, in the breach of contract claim, Plaintiff alleges that "Defendants have breached their obligations under the Policies by failing and refusing to pay the full amount of Plaintiff's covered Losses" without alleging conduct that would give rise to extra-contractual damages. (*Id.* at 15, ¶ 34). The breach of contract claim is based on Defendants' alleged failure to pay Plaintiff the amounts submitted by Plaintiff in its insurance claims and seeks the amount owed to Plaintiff pursuant to the Policies. Granted, Plaintiff also includes similar allegations in its claim for breach of the covenant of good

---

[4] New York courts are split as to whether attorneys' fees constitute consequential damages under New York law. *See infra* pp. 28-29.

faith and fair dealing, (*see* Dkt. 1 at 16, ¶¶ 43, 44(a)-(b)), and to the extent those allegations are duplicative of the breach of contract claim, they cannot be pursued as a separate cause of action. However, there are sufficient distinct allegations contained in the breach of covenant of good faith and fair dealing cause of action to allow it to proceed at this stage of the litigation as a separate claim. *See, e.g., Utica Mut. Ins. Co.*, 238 F. Supp. 3d at 325 (finding the breach of contract and covenant of good faith and fair dealing claims were both adequately pleaded because the breach of contract claim sought relief for the defendant's failure to pay the amounts billed, while the breach of covenant claim sought relief for improper claims handling); *Friedman*, 30 F. Supp. 3d at 195 (finding the facts supporting both claims were not identical because the contract claim was "based on defendant's improper assessment of late fees" while the breach of the covenant of good faith and fair dealing claim was based on "the allegation that [the defendant] misrepresented its records and policy"); *Tiffany Tower Condo., LLC v. Ins. Co. of Greater N.Y.*, 164 A.D.3d 860, 861 (2d Dep't 2018) (holding the plaintiffs stated a viable breach of the covenant of good faith and fair dealing claim in addition to a breach of contract claim because the plaintiffs "specifically identified the consequential damages allegedly suffered").

Finally, although the breach of contract claim also states that Plaintiff seeks consequential damages (Dkt. 1 at 15, ¶ 36 ("Plaintiff is entitled to an award of . . . consequential damages[.]")), Plaintiff does not specifically allege what damages, other than the money owed under the Policies, it is entitled to under that claim. At oral argument, Plaintiff's counsel indicated that the consequential damages under the breach of contract

claim do not differ from those alleged in the breach of the covenant of good faith and fair dealing claim. Therefore, to the extent that the breach of contract consequential damages overlap with the consequential damages alleged in the breach of the covenant of good faith and fair dealing claim, they may not be pursued separately.

**VII.   <u>Bad Faith</u>**

Defendants argue that Plaintiff asserts a bad faith claim in the Complaint, and that New York law does not recognize an independent tort for bad faith denial of a first-party insurance claim. (Dkt. 4-4 at 12-13; Dkt. 27-23 at 30). The Court finds that to the extent Plaintiff attempts to plead an independent claim for bad faith, it is dismissed.

New York does not recognize an independent claim for first-party bad faith refusal to comply with an insurance contract, viewing it as duplicative of a claim for breach of the covenant of good faith and fair dealing.[5]  *See, e.g.*, *N.Y. Univ.*, 87 N.Y.2d at 320 ("Plaintiff's claim [of bad faith] amounts to nothing more than a claim based on the alleged breach of the implied covenant of good faith and fair dealing, and the use of familiar tort language in the pleading does not change the cause of action to a tort claim in the absence

---

[5]      Plaintiff argues that New York law recognizes the potential for an independent bad faith cause of action, relying on a Court of Appeals case from 1967. (Dkt. 15 at 11-12); *see Sukup v. New York*, 19 N.Y.2d 519 (1967). Although an unreported state court decision purports that according to *Sukup*, "a viable cause of action could be maintained for extra-contractual damages from an insurer's bad faith denial of coverage," *Grinshpun v. Travelers Cas. Co. of Conn.*, 23 Misc.3d 1111(A), at *2 (Sup. Ct., Kings Cty., Mar. 11, 2009), the court in *Sukup* actually indicated that any assertion of bad faith should have been included in the plaintiff's breach of contract claim, *see Sukup*, 19 N.Y.2d at 521 ("There was no amendment to the [breach of contract] claim to assert bad faith[.]"). This Court follows the New York Court of Appeals decision in *New York University* and the overwhelming weight of case law and finds that New York does not recognize such a claim.

of an underlying tort duty sufficient to support a claim for punitive damages."); *Wingates, LLC v. Commonwealth Ins. Co. of Am.*, 21 F. Supp. 3d 206, 220 (E.D.N.Y. 2014) ("[T]he Plaintiffs cannot assert a separate claim of 'bad faith' because New York does not recognize such a claim with respect to refusal to comply with an insurance contract."), *aff'd*, 626 F. App'x 316 (2d Cir. 2015); *Paterra v. Nationwide Mut. Fire Ins. Co.*, 38 A.D.3d 511, 513 (2d Dep't 2007) ("[T]here is no separate tort for bad faith refusal to comply with an insurance contract[.]").

While the Complaint does not appear on its face to allege an independent claim for bad faith,[6] Plaintiff's counsel indicated at oral argument that it does assert a bad faith tort claim. To the extent that Plaintiff attempts to allege an independent tort claim for bad faith, any such claim is dismissed.

## VIII. Claim Pursuant to GBL § 349

Defendants contend that Plaintiff's claim under GBL § 349 should be dismissed because private contract disputes do not fall under the ambit of the statute. (Dkt. 4-4 at 9-11; Dkt. 27-3 at 25-26). The Court grants Defendants' motions as to this claim for the reasons that follow.

GBL § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. § 349(a). To successfully assert a GBL § 349 claim, "'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that

---

[6] Plaintiff alleges Defendants acted in bad faith in the cause of action alleging a claim for violation of the covenant of good faith and fair dealing. (Dkt. 1 at 16-17, ¶¶ 44-46).

(3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012)). Defendants do not contest whether the Complaint adequately alleges that Defendants' conduct was materially misleading or that Plaintiff suffered an injury as a result of said conduct, but rather contend that Plaintiff does not properly allege that the conduct is consumer-oriented under New York law. (Dkt. 4-4 at 9-11; Dkt. 27-23 at 26-27).

In contrast to common-law fraud, GBL § 349 "is a creature of statute based on broad consumer-protection concerns[.]" *Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 209 (2001) (quotations and citation omitted).

> The "consumer-oriented" requirement may be satisfied by showing that the conduct at issue "potentially affect[s] similarly situated consumers." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 27 (1995). Although consumer-oriented conduct does not require a repetition or pattern of deceptive conduct, a plaintiff must "demonstrate that the acts or practices have a *broader impact on consumers at large.*" *Id.* at 25. Accordingly, New York courts have recognized that "[p]rivate contract disputes" between the parties do not "fall within the ambit of the statute." *Id.*

*Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (emphasis added). "[T]o demonstrate the requisite consumer-oriented conduct in a dispute concerning coverage under an insurance policy, a plaintiff must establish facts showing injury or potential injury to the public[.]" *Id.* at 65. "The statute's consumer orientation does not preclude its application to disputes between businesses per se, but it does severely limit it." *Cruz v. NYNEX Info. Res.*, 263 A.D.2d 285, 290 (1st Dep't 2000); *see Oswego*, 85 N.Y.2d at 25

("Private contract disputes, unique to the parties . . . would not fall within the ambit of [GBL § 349].").

Even construing the Complaint liberally, Plaintiff has failed to allege that Defendants' conduct was consumer-oriented because Plaintiff has not alleged facts that demonstrate Defendants' conduct affects other consumers. Plaintiff makes the following conclusory allegation: "Upon information and belief, when confronted with a policyholder's significant loss claim, Defendants regularly and routinely engage in the practice of avoiding or inordinately delaying the settlement of the claim[.]" (Dkt. 1 at 19, ¶ 59). The Complaint does not allege any facts in support of this contention, such as naming another insured who was subject to Defendants' alleged conduct. The absence of such factual allegations is fatal to Plaintiff's GBL § 349 claim. "Indeed, any other conclusion would effectively permit a plaintiff to convert almost any garden variety breach of contract cause of action into a violation of section 349." *MaGee v. Paul Revere Life Ins. Co.*, 954 F. Supp. 582, 586 (E.D.N.Y. 1997).

While some New York courts have allowed GBL § 349 claims to proceed to discovery when the complaint did not contain factual allegations about the impact of defendant's alleged conduct on other consumers, *see Interested Underwriters at Lloyd's of London Subscribing to Policy No. 991361018 v. Church Loans and Invs. Trust*, 432 F. Supp. 2d 330, 334 (S.D.N.Y. 2006) ("[T]he possibility that the alleged deceptive practices *may* affect numerous other consumers of fire insurance suggests that [the defendant]'s alleged behavior is consumer-oriented." (emphasis added)); *Acquista v. N.Y. Life Ins. Co.*, 285 A.D.2d 73, 82 (1st Dep't 2001) (finding the plaintiff had alleged a viable claim under

- 21 -

GBL § 349 even though it could not be determined "at this pre-discovery phase, whether this same alleged practice has been aimed at other policyholders besides himself so as to have a broader impact on consumers at large"), these cases were decided either in state court or prior to the Supreme Court's decisions in *Iqbal*, 556 U.S. 662, and *Twombly*, 550 U.S. 544, which articulate the current *federal* pleading standard—a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. It is well-established that federal courts sitting in diversity apply federal procedural law, *see Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010), and the Court's research did not reveal a single case post-*Iqbal/Twombly* where a GBL § 349 claim with allegations as bare as those in this Complaint was allowed to proceed in federal court. *See, e.g., Young Men's Christian Assoc. of Plattsburgh v. Phila. Indem. Ins. Co.*, No. 8:18-CV-0565 (LEK/DJS), 2018 WL 6267923, at *7-8 (N.D.N.Y. Nov. 30, 2018) ("[C]onclusory allegations, even of the existence of a claim settlement policy designed to deceive the public, are not sufficient to state a claim under § 349 in the absence of supporting factual allegations."); *Ticheli v. Travelers Ins. Co.*, No. 1:14-CV-00172, 2014 WL 12587066, at *3 (N.D.N.Y. Dec. 23, 2014) ("Plaintiff merely adds bald, conclusory allegations that [the defendant's] conduct toward Plaintiff was in keeping with its practices toward 'the public at large' and its 'policyholders.' These vague and conclusory references to harm involving the 'public at large' are nothing more than unsupported speculation and are insufficient to state a plausible GBL § 349 claim." (citation omitted)); *Liberty Mut. Ins. Co. v. Harvey Gerstman Assocs., Inc.*, No. CV-11-4825(SJF)(ETB), 2012 WL 5289606, at *5 (E.D.N.Y. Sept. 13, 2012) (dismissing the GBL § 349 claim because the plaintiff

"alleged no facts whatsoever to show that their particular interaction with [the defendant] is one that is or could be repeated with private consumers"), *report and recommendation adopted*, 2012 WL 5289587 (E.D.N.Y. Oct. 24, 2012); *Cross v. State Farm Ins. Co.*, No. 3:10-CV-1179, 2011 WL 4916534, at *4 (N.D.N.Y. Oct. 17, 2011) ("Although Plaintiff speculates that others have been treated in similar fashion, these allegations are insufficient to state a plausible General Business Law § 349 claim."), *mot. to vacate denied*, 2011 WL 13234729 (N.D.N.Y. 2011); *O.K. Petroleum v. Travelers Indem. Co.*, No. 09 Civ. 10273(LMM), 2010 WL 2813804, at *5 (S.D.N.Y. July 15, 2010) ("Plaintiffs allege that 'the practices complained of are part of a systemic program aimed at the policyholders generally, having an impact on insurance consumers at large.' However, Plaintiffs allege no facts to support this speculative argument.").[7]

Plaintiff relies on *Nick's Garage, Inc. v. Nationwide Mutual Insurance Co.*, 101 F. Supp. 3d 185, 197 (N.D.N.Y. 2015), *aff'd in part, vacated in part on other grounds*, 875 F.3d 107 (2d Cir. 2017), for the proposition that the use of form contracts satisfies the

---

[7]    The Court's research found one decision where a court took issue with "the elevated requirements that some district courts have apparently engrafted onto the 'consumer-oriented' element of § 349 claims." *Casper Sleep, Inc. v. Mitcham*, 204 F. Supp. 3d 632, 643 (S.D.N.Y. 2016), *reconsideration denied*, No. 16-CV-3224 (JSR), 2016 WL 7188788 (S.D.N.Y. Nov. 17, 2016). However, the *Casper* court was discussing the defendants' "suggestion that the allegedly deceptive practice must pose some danger to the public health or safety, or have 'significant ramifications' for the public," whereas here the issue is whether Plaintiff has adequately alleged that Defendants' conduct impacts other consumers in *any* fashion, not just in a dangerous or significant manner. Additionally, *Casper* is factually distinguishable from the matter currently before the Court. The defendants in *Casper* operated a website, and the court found "the conduct at issue potentially affects similarly situated consumers because readers of the website browse the same site and are subject to the same allegedly deceptive conduct." *Id.* at 644 (quotation omitted). The parties in the instant matter on the other hand entered into a private contract.

consumer-oriented conduct requirement of § 349. (Dkt. 15 at 9; Dkt. 32 at 18). However, *Nick's Garage* is factually distinguishable from the instant matter—the plaintiff there was an assignee of numerous insurance policies that all contained the same form language. *Nick's Garage*, 101 F. Supp. 3d at 190. In contrast, Plaintiff in the instant matter has one policy with each of the Defendants and has alleged no facts that demonstrate the Policies were form policies or that Defendants use form provisions in the Policies to delay other insureds' claims in the same manner. Even if Plaintiff had adequately alleged that the Policies had standard provisions contained in Defendants' other policies, that would not necessarily be enough to adequately allege a claim pursuant to GBL § 349. *See N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d at 321 (dismissing the § 349 claim in part because "[t]he policy was not a standard policy, although it contained standard provisions, but was tailored to meet the purchaser's wishes and requirements").

Accordingly, the Court grants Defendants' motions as to Plaintiff's GBL § 349 claim; however, the dismissal is without prejudice because it cannot be said at this stage of the proceedings that under no circumstances could Plaintiff assert a GBL § 349 claim.

## IX. Fraud Claim

Defendants assert that Plaintiff has failed to adequately allege a claim for fraud. The Court agrees and for the reasons that follow, the fraud claim is dismissed.

"Under New York law, '[t]o state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury.'" *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006)

(alteration in original) (quoting *Kaufman v. Cohen*, 307 A.D.2d 113, 119 (1st Dep't 2003)). Federal Rule of Civil Procedure 9(b) establishes a heightened pleading standard for fraud allegations: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To comply with Rule 9(b), courts in this Circuit require that the complaint "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner*, 459 F.3d at 290 (quotation omitted).

Plaintiff has failed to meet the heightened pleading standard. Nowhere does the Complaint specify which statements it contends are fraudulent, where and when those statements were made, or why the statements were fraudulent. Instead, Plaintiff makes conclusory allegations that merely state the elements of a fraud claim. (*See, e.g.*, Dkt. 1 at 20, ¶ 66 ("Defendants' breach of contract involves a fraud evincing a high degree of moral turpitude and demonstrating such wonton dishonesty as to imply a criminal indifference to their civil obligations.")). Therefore, Plaintiff's allegations do not satisfy the particularity requirement of Rule 9(b), and the fraud claim must be dismissed. *See, e.g., Seifts v. Consumer Health Sols. LLC*, 61 F. Supp. 3d 306, 324 (S.D.N.Y. 2014) ("[E]ven if the Individual Plaintiffs' fraud claim was not deemed duplicative of their breach of contract claim, the claim still fails because they do not plead fraud with the requisite particularity."); *Woodhams v. Allstate Fire and Cas. Co.*, 748 F. Supp. 2d 211, 222 (S.D.N.Y. 2010) ("[T]he plaintiffs have failed to allege with particularity any fraudulent or misleading . . . representations made by any defendant, let alone each defendant.").

Plaintiff argues that "the fraud claim is asserted for purposes of providing an independent tort to establish [Plaintiff]'s claim for punitive damages." (Dkt. 15 at 9-10; Dkt. 32 at 19). While a "defendant's conduct must be actionable as an independent tort" for a plaintiff to be eligible for punitive damages as to a breach of contract claim, *see N.Y. Univ.*, 87 N.Y.2d at 316, that does not excuse Plaintiff from adequately pleading a fraud claim pursuant to Rule 9(b). *See Bruen v. Savage*, No. 92 Civ. 0586(CSH), 1994 WL 97111, at *1 (S.D.N.Y. Mar. 23, 1994) ("Plaintiff cannot transform a breach of contract action into an action for fraud merely to recover punitive damages. Absent any allegations which could legitimately give rise to an action for fraud, plaintiff cannot recover punitive damages."); *see also Lichtenstein v. Reassure Am. Life Ins. Co.*, Nos. 07-cv-1653 (DLI)(LB), 07-cv-1680 (DLI)(LB), 2009 WL 792080, at *9 (E.D.N.Y. Mar. 23, 2009) ("Plaintiff's New York common-law fraud claims fail in both cases because they are actually disputes over insurance contracts."), *relief from judgment denied*, 2010 WL 1189494 (E.D.N.Y. Mar. 26, 2010); *Diversified Const. of WNY, Inc. v. Sheds USA Inc.*, No. 04-CV-0739E(SC), 2005 WL 1263151, at *2 (W.D.N.Y. May 26, 2005) (dismissing the plaintiff's fraud claim for failure to plead with particularity and consequently the plaintiff's request for punitive damages).

However, as with the GBL § 349 claim, the dismissal of the fraud claim is without prejudice because the Court cannot conclude at this stage of the proceedings that Plaintiff would be unable to assert a fraud claim under any circumstance.

## X.    Claims for Extra-Contractual Damages

Defendants argue that Plaintiff cannot maintain claims for punitive damages, treble damages, or attorneys' fees. (Dkt. 4-4 at 12-16; Dkt. 27-23 at 27-33).

### A.    Punitive Damages

Under New York law, "damages arising from the breach of a contract will ordinarily be limited to the contract damages necessary to redress the private wrong," but "punitive damages may be recoverable if necessary to vindicate a public right." *N.Y. Univ.*, 87 N.Y.2d at 315. To state a claim for punitive damages for a breach of contract claim, the plaintiff must allege that: (1) defendant's conduct is actionable as an independent tort; (2) the tortious conduct was of the egregious nature set forth in *Walker v. Sheldon*, 10 N.Y.2d 401, 404-05 (1961), *i.e.*, it must be morally reprehensible, gross, and of "such wanton dishonesty as to imply a criminal indifference to civil obligations," *id.* at 405; (3) the egregious conduct was directed at the plaintiff; and (4) it was part of a pattern directed at the public generally. *N.Y. Univ.*, 87 N.Y.2d at 316.

Here, Plaintiff has failed to allege the independent torts of fraud or bad faith, as discussed above, or any other tort. Therefore, Plaintiff's request for punitive damages should be dismissed until and unless fraud or another comparable claim is adequately pleaded.[8] *See, e.g., Covic v. Allstate Indem. Co.*, No. 6:16-CV-00050 (BKS/TWD), 2016 WL 10489841, at *4 (N.D.N.Y. Sept. 7, 2016) (granting the motion to dismiss punitive

---

[8]    Analyzing the remaining factors for the punitive damages claim requires the Court to examine the underlying tortious conduct. The Court therefore declines to do so until and unless an independent tort claim is properly alleged.

damages because "Plaintiff has not alleged in the original or proposed amended complaint that Defendant's conduct constitutes an independent tort or that the conduct is part of a pattern directed at the public generally" (quotation omitted)); *A.J. Sheepskin Leather & Outerwear, Inc. v. USF Ins. Co.*, No. 03 Civ. 2382(LAP), 2004 WL 503727, at *3 & n.3 (S.D.N.Y. Mar. 12, 2004) (dismissing the plaintiff's punitive damages claim because the plaintiff failed to state a claim for fraud pursuant to Rule 9(b) and consequently failed to allege it was the "victim of a cognizable tort arising out of its contractual relationship with the Defendant").

### B.    Treble Damages

GBL § 349(h) provides that in a private right of action brought pursuant to the statute for injunctive relief or damages, "[t]he court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section." Because Plaintiff's § 349 claim is dismissed, Defendants' motions are granted as to Plaintiff's request for treble damages unless and until such a claim is adequately pleaded.

### C.    Attorneys' Fees

New York courts are split as to whether a plaintiff can seek attorneys' fees as part of its consequential damages claim. *Compare Runge v. Erie Ins. Grp.*, No. 09CV792A, 2010 WL 5860401, at *1, *7 (W.D.N.Y. May 24, 2010) (denying the defendant's motion for judgment on the pleadings as to the consequential damages claim, which included attorneys' fees), *adopted by* 2011 WL 721559 (W.D.N.Y. Feb. 22, 2011), *and Chernish v. Mass. Mut. Life Ins. Co.*, No. 5:08-CV-0957 (GHL), 2009 WL 385418, at *1, *5 (N.D.N.Y.

Feb. 10, 2009) (refusing to dismiss the claim for attorney's fees as consequential damages because "[t]he pleading stage is too early in the litigation to resolve Plaintiff's entitlement to attorney's fees"), *with Santoro v. GEICO*, 117 A.D.3d 1026, 1028 (2d Dep't 2014) ("[T]he only consequential damages asserted by the plaintiff are an attorney's fee and costs and disbursements resulting from this affirmative litigation, which are not recoverable."), *and Goodfellow v. Allstate Indemn. Co.*, No. 14-CV-642S, 2014 WL 7384239, at *4 (W.D.N.Y. Dec. 29, 2014) (holding the plaintiffs could not seek to recover attorneys' fees as a form of consequential damages). Additionally, New York law potentially recognizes that attorneys' fees could be recovered in a breach of contract claim "where there is 'more than an arguable difference of opinion between carrier and insured over coverage' and there is a showing of 'such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it.'" *Liberty Surplus Ins. Corp. v. Segal Co.*, 420 F.3d 65, 70 (2d Cir. 2005) (quoting *Sukup*, 19 N.Y.2d at 522).[9]

Given the uncertainty of the legal landscape surrounding whether attorneys' fees can constitute consequential damages, and given Plaintiff's allegations that Defendants breached the covenant of good faith and fair dealing, the Court declines to dismiss Plaintiff's request for attorney's fees at this stage of the proceedings.

---

[9]     GBL § 349(h) provides that in a private right of action brought pursuant to the statute for injunctive relief or damages, "[t]he court may award reasonable attorney's fees to a prevailing plaintiff." As the Court found the allegations in Plaintiff's § 349 claim to be insufficient, Plaintiff's request for attorneys' fees may not proceed on this basis.

## CONCLUSION

For the foregoing reasons, Defendants' motions (Dkt. 4; Dkt. 27) are granted in part and denied in part.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 12, 2019
       Rochester, New York